IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM STRYCHALSKI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 7747 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BAXTER HEALTHCARE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kim Strychalski has sued her former employer, Baxter Healthcare Corporation, alleging that she was first terminated from employment and then rejected for re-hire based on her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Illinois Human Rights Act, 775 ILCS 5/2-101 ("IHRA"). Defendant claims that plaintiff was fired because she failed to ensure that defendant's response to a customer's request for proposal was submitted timely, requiring defendant to secure a last minute extension which only then allowed plaintiff's manager to step in and complete the response. Plaintiff claims that defendant's explanation for her termination is nothing more than pretext for intentional age discrimination.

As has become the norm in employment discrimination cases, defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56. As required by this court's Local Rules, defendant accompanied its motion with an L.R. 56.1(a)(1)(3) Statement of Material Facts as to which it contends there is no genuine issue and that entitles it to judgment as a matter of law. Defendant's 18 page "statement" includes 80 numbered paragraphs, the maximum allowed by the Rule. Under the Rule, each numbered paragraph is to contain a single "undisputed fact." Most of defendant's numbered paragraphs violate the Rule by containing many more than one

such asserted "undisputed fact." In any event, it is difficult to imagine a case actually ripe for disposition requiring a "proper" 56.1(a)(1)(3) Statement containing so many "undisputed material facts." After all, if all 80 asserted facts are indeed "material" to disposition of the motion, a finding that even one of those facts is genuinely in dispute would require denial of the motion. It is possible, of course, for such a case to exist; but this fairly basic discrimination case, in which key issues are hotly contested, is not it.

In response to defendant's motion for summary judgment, plaintiff, as required, filed an L.R. 56.1(b)(3) Statement, which the Rule requires to be "a concise response to the movant's statement," that includes numbered paragraphs corresponding to and summarizing the paragraph to which it is directed, containing a response to the movant's paragraphs including, in the case of any disagreement, specific references to affidavits, parts of the record, and supporting materials relied upon.

Plaintiff's "concise" response consists of 123 pages that both responds to defendant's statement, but also overflows with argument and factual assertions wholly unrelated to the assertions in defendant's statement. In addition, plaintiff filed a 27 page, 78 paragraph "Statement of Additional Facts that Require Denial of Defendant's Motion for Summary Judgment." Contrary to its title, plaintiff's document is not a statement of facts at all, but an argument set forth in numbered paragraphs.

As has also become the norm, these failures by counsel have led to satellite litigation, with defendant moving to strike plaintiff's statements, requiring yet another response from plaintiff. As many judges in this district have noted, such motions are wholly unnecessary. L.R. 56.1 governs the filing of statements of facts and responses thereto in summary judgment

proceedings. "The Rule includes its own enforcement provisions, making motions to strike L.R. 56.1 statements or responses superfluous at best." Loeffel Steel Products, Inc. v. Delta Brands, Inc., 379 F. Supp.2d 968, 971 n.1 (N.D. Ill. 2005) (Cole, M.J.) (and cases cited therein); McNeal v. Bruno, 2012 WL 1414865, *1-2 (N.D. Ill. April 24, 2012). If the moving party fails to comply, the motion can be denied without further consideration. L.R. 56.1(a); McNeal, 2012 WL 1414865 at *2. If the responding party fails to comply, its additional facts may be ignored, and the properly supported facts asserted in the movant's submissions may be deemed admitted. Id. The court is "entitled to expect strict compliance," but the "decision whether to apply the rule strictly or to overlook any transgression" is left to the court's discretion. Stevo v. Frasor, 662 F.3d 880, 886 (7th Cir. 2011).

Counsels' failures in this case demonstrate a fundamental misunderstanding of the purpose of the factual statements required by the Local Rule. That purpose, in general, is to "identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments." Warner Bros. Entertainment, Inc. v. Synergex Corp., 2014 WL 518085 (N.D. Ill. 2012) (emphasis added). These statements are not "merely superfluous abstracts of all the evidence that might be presented at trial," Ford v. Lumbermens Mutual Casualty Co., 197 F.R.D. 365, 366 (N.D. Ill. 2000) (Gettleman, J.), but simply are road maps, pointing the court to the specific undisputed evidence in the record, making the summary judgment process less burdensome on the court. Id.; Warner Bros., 2014 WL 518085 at *1.

Nor are the L.R. 56.1 statements intended, contrary to both counsels' understanding, to be substitutes for a statement of facts section in a memorandum of law. The L.R. 56.1 statements are to be limited to the material facts and, as noted, are not to be argumentative. A

3

statement of facts section in a legal memorandum is the "litigant's opportunity to describe the underlying events, provide relevant background information, and persuade the court." Sledge v. Comcast ABB Mgmt., LLC, 2012 WL 2368319 (N.D. Ill. 2012) (Gettleman, J.).

Defendant's memorandum merely incorporates its L.R. 56.1 statements, while plaintiff's memorandum jumps right into what she (or her lawyer) considers to be relevant facts without even a summary of the underlying events. Neither party's brief is particularly helpful in determining whether there are any genuine disputes.[1] "These fundamental principles, that presumably are known by all lawyers practicing before this court including counsel herein, prohibit the type of irresponsible briefing that was submitted." Cleveland v. Prairie State College, 208 F. Supp.2d 967, 973 (N.D. Ill. 2002) (Gettleman, J.).

The result of these failures by counsel is that rather than ease the court's burden, they have enhanced it. It is not the court's job to "sift through mounds of paper to ferret out the material facts at issue." Id. Nonetheless, the court did endeavor to take on the burdensome task to review the actual records submitted by the parties (as opposed to lawyer-drafted statements and briefs) to determine if summary judgment was appropriate on any of the issues in the case. This task, too, was impeded by the lawyers, because neither party submitted a complete record necessary for proper consideration. For example, despite all of the evidence and argument submitted by both sides, plaintiff is correct that the case essentially boils down to a swearing contest between plaintiff and her manager, Tracy Hogle (nee Novak). Yet, neither side presented complete versions of either of their depositions, electing instead to supply only those pages that they believe support their positions, and conveniently leave out the following pages

---

[1]In addition, defendant's oversized reply brief inexcusably violates L.R. 7.1.

that would appear to be relevant. Because the record submissions are so incomplete, the court has been unable to effectively analyze the pending motion. Because fault lies on both parties, the court has decided to strike the pending motions rather than deny them.

## **CONCLUSION**

For the reasons described above, defendant's motion for summary judgment (Doc. 53) and motion to strike (Doc. 73) are stricken. This matter is set for a report on status on April 1, 2014, at 9:00 a.m.


**ENTER:** March 20, 2014

_____
**Robert W. Gettleman
United States District Judge**