IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM STRYCHALSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 7747 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| BAXTER HEALTHCARE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kim Strychalski sued her former employer, Baxter Healthcare Corporation, alleging that she was first terminated from employment and then rejected for re-hire based on her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Illinois Human Right Act ("IHRA").[1] Arguing that plaintiff was fired because she failed to ensure that defendant's response to a customer request for proposal was submitted timely, defendant filed a motion for summary judgment along with an L.R. 56.1(a)(1)(B) Statement of Material Fact as to which it contended there was no genuine issue of dispute and which entitled it to judgment. Plaintiff responded with a memorandum in opposition, supported by a 123 page L.R. 56.1(b)(3) response and a 27 page, 78 paragraph "Statement of Additional Facts that Require Denial of Defendant's Motion for Summary Judgment." Neither party's submissions complied with the letter or intent of L.R. 56. Both sides' submissions were overly long and argumentative, increasing the court's burden, rather than easing it. As a result, the court struck the pending motions. Strychalski v. Baxter Healthcare Corp., 2014 WL 1154030

---

[1] Plaintiff has withdrawn her IHRA unlawful termination claim.

(N.D. Ill. March 20, 2014). In doing so, however, the court noted that at least as to the termination claim, the case "essentially boils down to a swearing contest between plaintiff and her manager Tracy Hogle (nee Novak)." Id. at *2.

Undeterred by the court's comments, but heeding its warnings, defendant sought and was granted leave to file a renewed motion for summary judgment (Doc. 87), this time supported by statements in full compliance with the local rule. Plaintiff's counsel, however, apparently cannot follow simple directions. Their filings continue to violate the local rule. A single example will suffice to demonstrate counsels' failures. Defendant's L.R. 56.1(a)(1)(3) Statement of Fact No. 11 states (record citations omitted):

> In January 2008, Hogle completed a Performance Management Assessment ("PMA") evaluating Strychalski's job performance in 2007, and gave Strychalski a "Partially Meets" rating.

Plaintiff's response is as follows (record citations omitted):

> Admitted in part and denied in part. Except to admit that in January 2008 Hogle completed a Performance Management Assessment ("PMA") for Strychalski and circled a "Partially Meets" rating, denied that the PMA's evaluation reflected a "partially meets" rating.
>
> A. To an extent it is hard to reconcile what Hogle said about Strychalski in Hogle's performance review with Hogle's overall assessment.
>
> B. In working with Strychalski through December 2007, Hogle did not have any difficulties with Strychalski's peformance.

Plaintiff's response fails to comply with the intent of the rule. It is undeniable that Hogle did in fact give plaintiff a "Partially Meets" rating. There is simply nothing to dispute and the fact should have been uncontested. Instead, plaintiff's answer contains argumentative statements that do not in any way contest the simple fact asserted. Plaintiff's entire L.R. 56.1 response is replete with similar failures, rendering it of little value in assessing the case.

Nonetheless, as discussed below, the court's review of the record reveals that nothing has changed since its original order. The case remains a swearing contest between plaintiff and Hogle. Therefore, summary judgment on plaintiff's termination claim is denied. In her response to the motion, plaintiff has withdrawn her failure to rehire claim.

## FACTS

Plaintiff worked for defendant from 1976 to 2005 when her position was eliminated in a reduction in force. In 2007, when she was 52 years old, plaintiff applied for a sales supervisor position in defendant's Medication Delivery Division. The decision to hire plaintiff was made by Tracy Hogle, to whom plaintiff directly reported. Hogle selected plaintiff over a substantially younger candidate.

Despite her years of employment with defendant, plaintiff had no specific experience for the position for which she was hired. In her new position she was responsible for ensuring the development, implementation and maintenance of bids, contracts, pricing agreements and contract analysis for the medication delivery business. Part of her job was to work on responses to requests for proposals ("RFPs") for potential business submitted to defendant by current or potential customers for new sales contracts.

In January 2008, Hogle completed a Performance Management Assessment ("PMA") for plaintiff. That assessment contained a large number of very laudatory comments as well as a few criticisms and suggestions for improvement, particularly with accountability for results. Despite the large number of very complimentary comments, Hogle gave plaintiff a "Partially Meets" rating for 2007. In May 2008, defendant received an RFP from Apria for a contract to purchase products (the "Apria RFP"). The potential contract was worth at least $7 million in new

3

business. Despite plaintiff's lack of experience, Hogle assigned plaintiff to manage the project and, in particular, to ensure that the response was submitted timely.

The project was a disaster. Hogle places the blame squarely on plaintiff, claiming that she was unable to handle the work and unwilling to ask for help. Plaintiff's story is, obviously, quite different, claiming she sought advice from Hogle numerous times, without any result. Of particular import was plaintiff's inability to get the pricing information. According to plaintiff, Amber Pfeffer, a 27 year old business analyst, was responsible for the pricing and to actually prepare the response. Pfeffer had a family emergency and was given leave by Hogle, without notice to plaintiff, leaving plaintiff in a jam. The pricing for the bid was to come from the pricing office and was not submitted on time. As a result, Hogle took over the project but was unable to meet the initial bid deadline and was forced to get an extension. Ultimately, the deadline was extended twice before defendant's response was submitted, and even then it contained errors.

Hogle and plaintiff met on June 12, 2008, to discuss what went wrong. Hogle told plaintiff of her concerns, but felt that plaintiff showed no remorse for her own failures and consistently blamed others for the problems. Hogle documented the meeting in an email to the Director of Human Resources and to Marie Keeley, Vice-President of Business Operations. She also outlined her concerns with plaintiff's management of the RFP in a June 12, 2008, memorandum.

Hogle ultimately decided that plaintiff should be terminated. This decision was affirmed by her manager Keeley. On June 16, 2008, Hogle and a human resources representative

4

informed plaintiff of the decision. Plaintiff objected to the decision, claiming that there was still a chance that defendant would get the business.

## **DISCUSSION**

Defendant has moved for summary judgment on plaintiff's lone remaining claim. Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The movant bears the burden of establishing both elements, Becker v. Tenenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990), and all reasonable inferences are drawn in the non-movant's favor. Jones v. Illinois Bell Tele. Co., 2013 WL 5781814 at *3 (N.D. Ill. Oct. 24, 2013) (citing Fisher v. Transc Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992)). If the movant satisfies its burden, then the non-movant must set forth specific facts showing there is a genuine issue for trial. Nitz v. Craig, 2013 WL 593851, *2 (N.D. Ill. Feb. 12, 2013). In doing so, the non-movant cannot simply show there is some metaphysical doubt as to the material facts. Pignato v. Giviaudan Flavors Corp., 2013 WL 995157, *2 (N.D. Ill. 2013) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 472 U.S. 574, 586 (1986)). Summary judgment is inappropriate when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).

Plaintiff claims that she was terminated because of her age in violation of the ADEA. To establish this claim she must show that her age was the reason for defendant's decision or, put another way, that her age was the "but-for" cause of the decision. Gross v. FBL Financial Services, Inc., 557 U.S. 167, 176-77 (2009). She can do this using either the so-called "direct" method or the "indirect" method. Andrews v. CBOCS West, Inc., 743 F.3d 230, 234 (7th Cir.

5

2014). Under the direct method of proof, the plaintiff makes her case by pointing to evidence, either direct or circumstantial, directly showing that the employer subjected her to an adverse employment action based on her age. Id. Direct evidence requires an admission of discriminatory intent and is often called "smoking gun" evidence. Circumstantial evidence typically includes: suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at a protected group; evidence that employees outside the protected group received systematically better treatment; and evidence that the employee was qualified for but passed over in favor of a person outside the protected group. Hutt v . AbbVie Products LLC, 757 F.3d 687, 691 (7th Cir. 2014). "'A party may combine these various types of evidence to prevent a convincing mosaic of circumstantial evidence from which a fact finder can make a reasonable inference of discriminatory intent." Id. (quoting Teruggi v. Cit Grp/Capital Fin., Inc., 709 F.3d 654, 660 (7th Cir. 2013)).

Under the indirect approach, the plaintiff follows the now familiar McDonnell-Douglas burden shifting approach. See McDonnell Douglas v. Green, 411 U.S. 792 (1973). Under this approach, the plaintiff has the initial burden of establishing a prima facie case that: (1) she is a member of a protected class; (2) she performed reasonably on the job in accord with her employer's legitimate expectations; (3) despite her reasonable performance, she was subjected to an adverse employment action; and (4) similarly situated employees outside her protected class were treated more favorably. Andrews, 743 F.3d at 234. If plaintiff satisfies her initial burden, then the employer must articulate in a legitimate, nondiscriminatory reason for the adverse employment action. The burden then shifts back to the plaintiff to submit evidence that the employer's explanation is pretextual. Id.

Recently, the Seventh Circuit has noted that "it is debatable whether the two methods are sharply distinguishable," id. at 691, because "when all is said and done, the fundamental question at the summary judgment stage is simply whether a reasonable jury could find prohibited discrimination." Bass v. Joliet Public School Dist. No. 86, 746 F.3d 835, 840 (7th Cir. 2014).

In the instant case, the answer to that ultimate question is yes, although not necessarily a resounding yes. First, plaintiff has some direct evidence of a discriminatory animus on the part of the decisionmaker. She has presented evidence that on at least three occasions Hogle has made ageist remarks directed to her, and on multiple occasions excluded plaintiff from team meetings, telling plaintiff that she was "too old" and "I don't want you at the meetings because of your age." Hogle denies these statements, but a reasonable jury could believe plaintiff's version. In addition, plaintiff has presented evidence that as early as November 2007 and then again in December 2007 and May 2008, the Director of Business Operation, Contracts and Pricing openly stated in staff meetings that she inherited a team with too many "tenured people" who were set in their ways and unwilling to change, and that she and Keeley, Vice-President of Operations, wanted changes to get rid of these people. Plaintiff claims that Keeley stated that people on her team were "old and tired."

Plaintiff has also testified that members of defendant's management and operations team said that at least three older (over 40) business analysts were going to be "pushed into retirement," and that these three analysts were in fact ultimately replaced with much younger employees. And, it is undisputed that in May 2008, plaintiff was told by one of her supervisors named Benko that defendant was doing off-campus recruiting because "there are too many older

7

people in the department that are set in their ways. We need some young blood in this department."

Defendant argues that none of these facts are material because they are not related to Hogle's decision to terminate plaintiff and are not necessarily age based. See e.g., Fortier v. Ameritech Mobile Comm. Inc., 161 F.3d 1106, 1113 (7th Cir. 1999) (comment about hiring new blood not age based). A jury could, however, view them as age based and could accept plaintiff's theory that Hogle was feeling pressured to bring in younger people and used the Apria RFP disaster to "get in line" by removing plaintiff because of her age.

It is true, as defendant argues, that it appears unlikely that Hogle would choose to hire plaintiff at the age of 52 in favor of a younger candidate, and then fire her 15 months later because of her age. According to defendant, that Hogle made both decisions "undermines any inference" that she harbors prejudice against older workers. Blasdel v. Northwestern Univ., 687 F.3d 813, 820 (7th Cir. 2012). Plaintiff's theory, however, that efforts to eliminate older workers came from upper management, potentially explains Hogle's reversal.

Plaintiff's evidence is certainly not overwhelming. It is equally as likely that Hogle, recognizing her own failings, made plaintiff the scapegoat for the failed project, as it is that she terminated plaintiff based on age based discrimination. It is not, however, this court's job to weigh the evidence. It is enough that plaintiff has presented a convincing mosaic from which a

fact finder could make a reasonable inference of discrimination.[2]  Consequently, defendant's motion for summary judgment is denied.

## CONCLUSION

For the reasons described above, defendant's motion for summary judgment is denied as to her unlawful termination claim.  Plaintiff has withdrawn her failure to rehire claim.  The parties are directed to prepare a joint pretrial order on this court's form on or before March 26, 2015.  This matter is set for a report on status on April 8, 2015, at 9:00 a.m.

**ENTER:** February 18, 2015

_____
**Robert W. Gettleman
United States District Judge**

---

[2]Because the court concludes that plaintiff has presented sufficient evidence under the direct method to survive summary judgment, the court need not address defendant's argument that plaintiff failed to show that defendant treated similarly situated younger employees more favorably.

9